William Q. Cole, Commissioner of Insurance, *v.* American Surety Company.

[44 South., 771.]

Insurance. *Regulation of agents. License fees. Surety companies. Agents. Code* 1906, § 3828.

> Under Code 1906, § 3828, imposing a privilege tax of five dollars on an agent representing a surety company exclusively, such agent is not liable to any greater tax, although he do business in a city of more than two thousand inhabitants and other provisions of the Code impose a larger tax upon insurance agents in such cities and provide that surety companies shall be subject to the insurance laws of the state and the control of the insurance commissioner.

From the circuit court of, first district, Hinds county.

Hon. Wiley H. Potter, Judge.

The surety company, appellee, was plaintiff in the court below; Cole, Insurance Commissioner of the state, was defendant there. The suit was a mandamus proceeding to require defendant to issue to plaintiff a certificate of authority to an agent. From a judgment awarding the writ defendant appealed to the supreme court.

The agent of appellee at Jackson, Miss., a city of more than 2,000 inhabitants, applied to the sheriff and tax collector of Hinds county, in which Jackson is situate, for a privilege license to represent it, a surety company, exclusively in Hinds county, and paid the tax collector the privilege tax, five dollars, provided in § 3828, Code 1906, which section is found in the Code chapter on "Insurance." When the agent applied to the insurance commissioner for a certificate of authority, it was declined on two grounds, stated by the Insurance Commission thus:—

First, because the privilege license fee should have been paid

to the insurance commissioner, and not to the sheriff and tax collector; second, because the fee required by law was thirty dollars, the amount of the privilege tax on insurance agents doing business in a city of two thousand inhabitants or more (§ 3826, Code 1906), and that agents of surety companies were insurance agents, and liable to the same tax as other insurance agents, since they must obtain a certificate of authority from the commissioner, and all surety companies were under the control of the department of the insurance of the state.

The insurance commissioner having declined to grant the certificate of authority, the surety company, appellee, began suit for a writ of mandamus to compel the issuance of the certificate of authority. The insurance commissioner demurred to the petition, the demurrer was overruled, and, the commissioner declining to plead further, judgment final was taken, granting the writ.

*R. V. Fletcher,* assistant attorney-general, for appellant.

The question before us is as to whether agents for surety company are insurance agents, and liable to the same tax as other insurance agents or whether they are in a class to themselves. It seems to be perfectly clear that a surety company is an insurance company within the meaning of all our legislation on the subject, and that a contract of suretyship is an insurance contract. Thus § 2522 of the Code states that the term "company" or "insurance company" as used in the chapter on insurance, shall include among other things all corporations engaged in the business of guaranteeing the obligations of others. The terms of sec. 2563 are broad enough to include a surety contract within the definition of an insurance contract. Section 2567 deals with the organization of domestic insurance companies, and in the schedule of such companies is included (3d par.), companies organized to do a surety company business. Section 2615 of the Code undertakes to define insurance agents, and since a surety company is an insurance company by express

provision of sec. 2562, an agent of a surety company must be an insurance agent. It is evident that an agent for a surety company must, under sec. 2627, obtain a certificate of authority as much so as any other insurance agent. It is equally evident that such agent must pay to the commissioner the two dollars for a certificate of authority under sec. 2630.

Since the entire insurance chapter treats surety companies and their agents as insurance companies and insurance agents, it is difficult to understand how there can be any distinction made. Bearing these facts in mind it would appear that when sec. 3826 imposes a privilege tax of thirty dollars on every insurance agent doing business in a city of two thousand inhabitants or over, the language used must include agents for surety companies as well as other insurance companies. Section 3828 refers to surety company agents doing business in counties that do not contain any city of two thousand inhabitants, or to agents operating alone outside of such municipalities.

*L. Brame,* for appellee.

The question is whether an agent representing a surety or guaranty company exclusively, for each county, if he happens to do business in a town of more than two thousand inhabitants, must pay five dollars, under sec. 2838, or whether he comes under the general designation of an insurance agent and must pay thirty dollars, under sec. 3826.

A privilege tax is an unusual burden, and it is a general principle that laws imposing such taxes are strictly construed and whenever there is doubt as to the meaning or scope of such laws, they are construed most strongly against the government and in favor of the citizens. *Ex parte* Taylor, 58 Miss., 478; *Railroad Co.* v. *State,* 62 Miss., 105.

For special instances showing the strict construction of such laws as against the state, see the opinion of Judge BREWER in

*Snyder* v. *Lawrence,* 8 Kan., 82; *Sewell* v. *Jones,* 9 Pick.
(Mass.), 412; *Brown's case,* 98 Va., 366.

Section 3826, Code 1906, clearly refers to and includes in-
surance agents proper.   Then sec. 3827 provides a privilege tax
to be paid by life insurance agents.   Then sec. 3828, which is
separate and apart from the others, provides for agents or
guaranty or surety companies.   These are put in a different
class and are provided for separately.   Neither in the contem-
plation of the statute, nor in ordinary acceptation is the agent
of a surety company an insurance agent.   No one would ever
speak of the representative of a guaranty company as being
in the insurance business.

Then let us look at the reason of the statute.   Under sec.
3826 as we have stated, an insurance agent by paying a privilege
tax of thirty dollars may represent a large number of insurance
companies and do an immense business.   Therefore, he is re-
quired to pay a larger sum.   An agent of a guaranty or surety
company does relatively a very small business, and, therefore,
he is required to pay only five dollars in each county, and if he
represents more than one surety company, he must pay five
dollars for each company in each county.   This surely is bur-
den enough.   It must be remembered, too, that under sec.
3820, each guaranty or surety company is itself required to
pay a privilege tax of one hundred dollars for doing business
in the state.   The legislature never intended to put such a bur-
den on these companies as would be imposed if the construction
contended for by appellant is correct.   There are a great many
towns in the state of Mississippi having a population of more
than two thousand inhabitants, and these are the only ones in
which an agent for such a company would be established or
could be maintained or pay the privilege tax required by law.
To require the payment of the tax contended for by appellant
would be to impose a harsh and unjust burden, one never con-
templated by the legislature, and clearly not within the lan-
guage of the law as written.   To justify the imposition of

such a burden on a doubtful construction would be to reverse the principles of law stated above and which are universally held to be applicable in cases like this.

Argued orally by *L. Brame,* for appellee.

CALHOON, J., delivered the opinion of the court.

The only question is whether an agent to solicit exclusively for surety company business must pay five dollars or thirty dollars for a single county, whether or not it has in its limits a city of a population of two thousand or more. The only other question is waived in the brief for appellants. The rule of strict construction applies to tax laws, and we are construing Code 1906, § 3828. This section requires a five dollar payment for each county by "each agent representing a surety company exclusively." The section is independent of all others, and, construed with secs. 3826 and 3827, draws a sharp distinction between insurance agents and agents for guaranty and surety companies. The legislature had the whole subject under consideration, and clearly makes this distinction when it comes to imposing a tax on the privilege, and it will be noted that sec. 3828 is silent as to cities of two thousand population or more, and we cannot interpolate these words without assuming to exercise legislative power. We are not shaken in this conclusion by the reference of counsel for appellant to other provisions of the Code, providing that surety companies shall come under the operation of the insurance laws and be subject to the control of the insurance commissioner. This does not make an agent of a surety company an insurance agent. Suffice it to say that, when the specific question of privilege taxation is considered by the legislature, it makes a difference between the two agents. Section 3826 refers to insurance companies according to the originally received import of the term, while sec. 3828 independently provides for privilege taxes

on the agents of guaranty or surety companies as a separate class.

*Affirmed.*